UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAY ANTHONY DETERS,

    Plaintiff,

v.                                CASE NO.  8:14-CV-1851-T-17TBM

CAROLYN W. COLVIN,
ACTING COMMISIONER OF
SOCIAL SECURITY
ADMINISTRATION,

    Defendants

_____/

ORDER

This cause is before the Court on:

Dkt. 11    Motion to Dismiss
Dkt. 12    Response
Dkt. 16    Motion to Withdraw Response
Dkt. 17    Stipulation to Motion to Dismiss
Dkt. 18    Order Granting Withdrawal of Response

The Complaint in this case includes Plaintiff Ray Anthony Deters' request for review of the final decision denying Plaintiff's application for Supplemental Security Income benefits.  Plaintiff's Complaint was filed on July 31, 2014.

Defendant Carolyn W. Colvin, Acting Commissioner of Social Security moves to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56.

On February 28, 2014, the Appeals Council denied Plaintiff's request for review of the ALJ's decision of July 10, 2013, which rendered the ALJ's decision final. Pursuant to 42 U.S.C. Sec. 405(g), Plaintiff had sixty days to seek judicial review of the

Case No. 8:14-CV-1851-T-17TBM

final decision i.e. until May 4, 2014. On May 16, 2014, the Appeals Council granted Plaintiff Deters a thirty-day extension of time to file a civil action for judicial review; Plaintiff's receipt of the Appeals Council's letter is presumed to be five days after the date it was mailed, i.e. May 21, 2014 (Dkt. 11-2, p. 20). Thereafter, Plaintiff Deters had thirty days to file a civil action, i.e. by June 21, 2014. June 21, 2014 fell on a Saturday; therefore Monday, June 23, 2014 was the next available day Plaintiff's Complaint could have been filed. It is undisputed that Plaintiff's Complaint was not filed until July 31, 2014; Plaintiff Deters has withdrawn Plaintiff's response to Defendant's Motion to Dismiss, and has stipulated to Defendant's Motion to Dismiss.

The Court notes that the sixty day limit for judicial review is in the nature of a statute of limitations, and the Eleventh Circuit Court of Appeals has upheld the sixty-day limit. Stone v. Heckler, 778 F.2d 645, 646-649 (11th Cir. 1985). Although the sixty-day time limit is subject to equitable tolling, Plaintiff Devers does not allege extraordinary circumstances that prevented Plaintiff from timely filing the Complaint. Therefore, equitable tolling does not apply.

Since the Court has relied on documents outside the Complaint in determining Defendant's Motion, the Court construes Defendant's Motion to Dismiss as a Motion for Summary Judgment. After consideration, the Court grants Defendant's Motion for Summary Judgment. Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss (Dkt. 11), construed as a Motion for Summary Judgment, is **granted**. The Clerk of Court shall enter a final judgment in favor of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security, and close this case.

Case No. 8:14-CV-1851-T-17TBM

    **DONE and ORDERED** in Chambers, in Tampa, Florida on this 7th day of January, 2015.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record